UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:04-CR-179 |
| | ) | |
| GREGORY ALEC PHILLIPS | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR BILL OF PARTICULARS**

Comes the defendant, Gregory Alec Phillips, by and through counsel, and hereby submits a Memorandum of Law in support of defendant's Motion for Bill of Particulars, as follows:

1. The gravamen of a Motion for a Bill of Particulars is to glean what the government intends to prove, regarding the facts and allegations set forth in the charging instrument. See, United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993), United States v. Paulino, 935 F2d 739, 750 (6th Cir. 1991). It is well-established that the discretion to grant or deny a Bill of Particulars is within the sound discretion of the trial court. United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991); United States v. Paiva, 892 F.2d 148, 154-55 (1st Cir. 1989); United States v. Colson, 662 F.2d 1389, 1391 (11 Cir. 1981); Turner v. United States, 426 F.2d 480, 483 (6th Cir. 1970).

2. The central purpose of the Bill of Particulars is to inform the defendant of the nature of the charges against him "with sufficient precision to prepare for trial, to avoid or minimize the danger of surprise at the time of the trial, and to enable him to plead his acquittal or conviction in bar of another prosecution of the same offense when the indictment itself is too vague and indefinite for such purposes." United States v.

1

Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993), see also, United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991); United States v. Lois, 33 F.R.D. 510 (F.D.N.Y. 1963); see, also, United States v. Rogers, 617 F. Supp. 1024 (Dist. Colo. 1985); United States v. Birmley, 129 F.2d 103 (6th Cir. 1976).

3. It is well-established that courts have broad discretion when ruling on a Bill of Particulars: "The grant or denial of a motion for a bill of particulars lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." U.S. v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993) (quoting United States v. Rey, 923 F.2d 1217, 1222 (6th Cir.1991)).

4. The Sixth Circuit test "for determining whether a bill of particulars should issue is whether the indictment is sufficiently specific to inform defendants of the charges against them, to protect them from double jeopardy, and to enable them to prepare for trial." United States v. Ridley, 199 F.Supp.2d 704, 707 (S.D. Ohio 2001) (quoting United States v. Hayes, 1989 WL 105938, at *3 (6th Cir.1989)).

5. That based upon the unusual nature of these charges, i.e., child sex crimes that occurred in Thailand that were investigated by the Royal Thai Police and the United States Customs/Office of Homeland Security Agencies, it is essential that Gregory Alec Phillips be provided with the dates, times and locations he is alleged to have engaged in illegal conduct. See, United States v. Rey, Id.

6. In the instant case, it is clear that the court should grant the defendant's Motion for a Bill of Particulars in order to allow counsel to determine the charges against Gregory Alec Phillips with sufficient precision to prepare for trial, to advise his client to avoid prejudicial surprise, and to ensure Gregory Alec Phillips is not being subjected to

double jeopardy. A determination of all the facts and circumstances requested in the Bill of Particulars is an essential prerequisite to the trial preparation and effective representation of the defendant.

WHEREFORE, the defendant Gregory Alec Phillips, moves this Honorable Court for an Order granting the defendant's Motion for a Bill of Particulars on the Indictment.

RESPECTFULLY SUBMITTED THIS 25 January 2005.

                s/ Gregory P. Isaacs
                GREGORY P. ISAACS, BPR #013282

THE ISAACS- RAMSEY LAW FIRM
The Arcade Building, Suite 300
618 South Gay Street
Post Office Box 2448
Knoxville, Tennessee 37901-2448
(865) 673-4953
gpilaw@irlawfirm.com

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing pleading has been served on counsel set forth below, pursuant to the Fed. R. Crim. P., by electronic delivery, hand-delivery or by placing a true and correct copy of same in the United States Mail with sufficient postage to carry the same to its destination.

    AUSA Charles E. Atchley, Jr.
    United States Assistant Attorney General
    Howard H. Baker, Jr. U.S. Courthouse
    800 Market Street, Room 211
    Knoxville, Tennessee 37902

DATED this 25 January 2005.

                s/ Gregory P. Isaacs
                GREGORY P. ISAACS