UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:04-CR-179 |
| | ) | |
| GREGORY ALEC PHILLIPS | ) | |

## DEFENDANT'S SECOND MOTION *IN LIMINE*

Comes the accused, Gregory Alec Phillips, by and through counsel, and moves this Honorable Court *In Limine* to direct the United States Attorney not to mention during *voir dire*, opening statement, through the questioning of witnesses or in closing argument, the following matters until such time the court can rule regarding admissibility out of the presence of the jury:

1. Any statements of the defendant;

2. Any tangible items or evidence seized from the defendant or from any place in which he had a reasonable expectation of privacy including, but not limited to:

   a. copies of short stories and literary works in progress;
   b. hard-drive information regarding B.L. Publications;
   c. Published and unpublished literary works, such as "Nothing to Fear";
   d. All literary works regarding adolescents;
   e. All electronic communiqué;
   f. Any and all items referenced in the Department of Homeland Security Report of Investigation Continuation including, but not limited to:
      i. pubic hair on the bedsheet;
      ii. photos of Gregory Phillips;
      iii. a green note that read in Thai "Ong loves Greg"; and,
      iv. numerous girls' swimming trunks and undergarments

3. That the above categories of evidence should be excluded in that they do not meet the legal threshold for relevance pursuant to Fed. R. Evid. 401 and further, assuming arguindo, that such evidence would have any probative value they should be excluded based upon their prejudicial effect pursuant to Fed. R. Evid. 403.

4. Counsel has been provided voluminous discovery that contains a large number of email communications, fictional literary works and other information that does not tend to make fact or consequence more probable as it relates to the current allegations of 18 U.S.C. §§2423 (f), and 2246. The evidence provided by the United States contains, in large part, copies of short stories and other literary works that are fictional in nature and are unrelated to the allegations contained in the current indictment. Simply put, works of fiction are not relevant to prove Gregory Alec Phillips engaged in illegal sexual conduct with the minor Thai child Presert Ketbuakaew (a.k.a. Ong) or does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. <u>See</u>, Fed. R. Evid. 401.

5. That in addition, such categories of evidence should be excluded if the Court were to find that they had some probative value based on the fact that such probative value would be greatly outweighed by its prejudicial effect. <u>See</u>, Fed. R. Evid. 403. Simply put, fictional works, literary works, fictional short stories and other publications contained in the discovery

provided by the United States would create undue prejudice if admitted in the trial of this cause. Furthermore, fictional literary works should be excluded as substantive evidence to prove the merits of the instant criminal charges.

WHEREFORE, for the above-stated reasons, the accused moves this Honorable Court for an order granting Defendant's Second Motion *In Limine*.

RESPECTFULLY SUBMITTED THIS 26 January 2005.

s/ Gregory P. Isaacs
GREGORY P. ISAACS, BPR #013282

THE ISAACS- RAMSEY LAW FIRM
The Arcade Building, Suite 300
618 South Gay Street
Post Office Box 2448
Knoxville, Tennessee 37901-2448
(865) 673-4953
gpilaw@irlawfirm.com

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing pleading has been served on counsel set forth below, pursuant to the Fed. R. Crim. P., by electronic delivery, hand-delivery or by placing a true and correct copy of same in the United States Mail with sufficient postage to carry the same to its destination.

AUSA Charles E. Atchley, Jr.
United States Assistant Attorney General
Howard H. Baker, Jr. U.S. Courthouse
800 Market Street, Room 211
Knoxville, Tennessee 37902

DATED this 26 January 2005.

s/ Gregory P. Isaacs
GREGORY P. ISAACS