UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:04-CR-179 |
| ) | JUDGE PHILLIPS |
| ) | |
| GREGORY ALEC PHILLIPS ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Harry S. Mattice, Jr., United States Attorney for the Eastern District of Tennessee, the defendant, Gregory Alec Phillips, and his attorney, Gregory P. Isaacs, have agreed upon the following:

1. The defendant will plead guilty Count One of the Indictment which charges engaging in illicit sexual conduct in foreign places, in violation of 18 U.S.C. § 2423(c). If the defendant complies with the terms of this plea agreement, he will not be further prosecuted in the Eastern District of Tennessee by the United States for any non-tax related offenses committed by the defendant about which the United States presently has knowledge. Additionally, if the defendant complies with the terms of this plea agreement, he will not further prosecuted in the Eastern District of Tennessee by the United States for any additional violations of 18 U.S.C. 2423(c) which may have occurred prior to December 2004. The parties further agree that the appropriate disposition of this case would be the following:

   (a) The Court may impose any lawful term of imprisonment up to the statutory maximum;

(b) The Court may impose any lawful fine up to the statutory maximum;

(c) The Court may impose any lawful term of supervised release;

(d) The Court will impose any applicable mandatory assessment; and

(e) The Court may impose criminal forfeiture.

2. Defendant understands that the Court has the authority to impose any lawful sentence in this case. Defendant acknowledges that the United States Sentencing Guidelines will be considered in defendant's case to determine the appropriate sentence. Defendant acknowledges that the sentencing determination will be based upon the entire sc ope of defendant's criminal conduct, defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

3. The statutory maximum penalty to which the defendant will be exposed by virtue of his guilty plea to Count One is a of imprisonment of up to thirty (30) years, a fine of $250,000, a term of supervised release of any term of years up to life and a mandatory special assessment of $100.

4. Pursuant to the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure it is agreed that the following provisions of the Sentencing Guidelines and sentencing factors do or do not apply, as indicated:

(a) U.S.S.G. Section 2A3.2 of the November 1, 2004 edition of the United States Sentencing Guidelines applies resulting in a base offense level of 18;

(b) U.S.S.G. Section 2A3.2(b)(1) applies requiring the offense level to be increased by a total of 4 levels; and

(c) U.S.S.G. Section 4B1.5 does not apply.

2

5.  If the defendant complies with the terms of this agreement, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of U.S.S.G. §3E1.1(a). Should the defendant commit any act or omission or make any statements which would be inconsistent with accepting responsibility for the defendant's offense(s), the United States will be relieved from its obligations under this paragraph, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a).

6.  Further, if the defendant complies with the terms of this agreement and the defendant's offense level is 16 or greater, the United States agrees to move, at or before the time of sentencing, that the Court decrease the applicable offense level by 1 additional level pursuant to U.S.S.G. §3E1.1(b). The defendant agrees that the decision to file such a motion is within the sole discretion of the United States, and should the defendant commit any act or omission or make any statements which would be inconsistent with accepting responsibility for the defendant's offense(s), the United States will be relieved from its obligations under this paragraph, will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under U.S.S.G. §3E1.1. Moreover, the defendant agrees that should the defendant commit any offense while on release pending sentencing or otherwise violate the terms of the defendant's conditions of release, the United States will be relieved from its obligations under this paragraph, will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under U.S.S.G. §3E1.1.

7.  The United States agrees to recommend to the Court that the defendant not be fined in this matter and that the appropriate term of supervised release is three (3) years.

8.  The defendant acknowledges that his attorney has fully explained the nature of the charge, the potential penalties, and any defenses that he might have. The defendant further acknowledges that in order to be convicted of Count One of the Indictment, the United States must prove beyond a reasonable doubt the following: (1) that the defendant, while a United States citizen, traveled in foreign commerce; and (2) engaged in any illicit sexual conduct with another person as defined in 18 U.S.C. 2423(f).

9.  The defendant acknowledges that he understands he has a right to persist in pleas of not guilty and the right to a jury trial at which he would have the right to assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination. The defendant further acknowledges that he understands that if his guilty plea is accepted by the Court, there will be no jury trial and by pleading guilty he waives his right to a jury trial. The defendant further acknowledges that he understands that the Court may question him under oath, on the record, and in the presence of counsel about offenses to which he will be pleading guilty and his answers could later be used against him in a prosecution for perjury or false statement. The defendant further acknowledges that he is entering his plea of guilty voluntarily and not as a result of force or threats nor as a result of any promises by any agent of the government apart from this plea agreement.

10. As part of the plea agreement, the defendant will pay the special assessment fees at the time of sentencing.

11. If either the United States or the defendant violates the terms of this

4

agreement, the other party will have the right to void the agreement.

        12.    The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 except for a claim of ineffective assistance of counsel or prosecutorial misconduct. Thus, the defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea being offered in the instant case except for a claim of ineffective assistance of counsel or prosecutorial misconduct. Nothing contained herein shall prevent the defendant from filing a claim under 28 U.S.C. § 2255 in the event that a change in the law as it exists at the time of entering into this plea agreement renders the defendant actually innocent of a charge covered hereunder, or in the event that a subsequent change in case law renders the defendant's action not a violation of law.

        13.    The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. By virtue of this plea agreement, the defendant waives any statutory or constitutional right to have the payment schedule determined by the district court. The defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the government deems appropriate. Finally, the defendant and counsel agree that Government officials may contact the defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of counsel.

5

Case 3:04-cr-00179   Document 53   Filed 05/17/05   Page 5 of 6   PageID #: <pageID>

14. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States.

HARRY S. MATTICE, JR.
United States Attorney

05/17/2005
Date

By: *(signature)*
CHARLES E. ATCHLEY, JR.
A. Wm. Mackie
Assistant United States Attorneys

5/17/2005
Date

*(signature)*
GREGORY P. ISAACS
Attorney for Defendant

5-17-05
Date

*(signature)*
GREGORY ALEC PHILLIPS
Defendant

6