UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GREGORY ALEC PHILLIPS | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos: 3:04-cr-179 |
| | ) | 3:08-cv-057 |
| | ) | (PHILLIPS/SHIRLEY) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Gregory Alec Phillips ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is entitled to relief under § 2255, there is no need for an evidentiary hearing.

II.  Factual Background

Petitioner pleaded guilty to engaging in illicit sexual conduct in foreign places with a minor, in violation of 18 U.S.C. § 2423(c). In support of petitioner's guilty plea, the parties stipulated to the following pertinent facts:

> 1. In or about August 2001, the defendant traveled from the United States to Thailand in foreign commerce for the purpose of residing in Bangkok, Thailand and beginning employment as a teacher at the American School of Bangkok, in Bangkok, Thailand. From in or about August 2001 through in or about October 2004, the defendant resided in Bangkok and was employed as a teacher at one or more schools in Bangkok. Throughout this time period, the defendant was a citizen of the United States and had obtained the necessary legal authorization to reside and work in Thailand.
>
> 2. From at least in or about May 2004 through October 29, 2004, the defendant resided at a house located at an address known as 50/385 Moo Ban Kuankul Villa, Soi Nawamin 26 Road, Sub-District of Bangkapi, Bangkok, Thailand.
>
> 3. From in or about May 2004 or earlier through October 29, 2004, the defendant lived at his residence at 50/385 Moo Ban Kuankul Villa in Bangkok with a Thai national child named Prasert Ketbuakaew, also known the the [sic] name "Ong." Ong was born in Thailand on August 1, 1991.

> Accordingly, during the time period from May 2004 through October 29, 2004, Ong was over thirteen years of age, but under sixteen years of age.
>
> 4. After the time when the defendant traveled in foreign commerce to Thailand and during the time he resided with the Thai child known as Ong, the defendant engaged in illicit sexual conduct and contact as defined by statute. The defendant's actions over this time period included physical contact with the Thai child known as Ong in a manner that involved repeated touching in a manner that was intended to arouse or gratify the defendant's sexual desire.

[Criminal Action No. 3:04-cr-179, Court File No. 54, Agreed Factual Basis, pp. 1-2].

On September 28, 2005, petitioner was sentenced to a term of imprisonment of 37 months, followed by supervised release for life. Because he did not file a direct appeal, petitioner's judgment became final on October 12, 2005. *See Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("an unappealed federal criminal judgment becomes final ten days after it is entered"). At the time he filed his § 2255 motion on February 19, 2008, petitioner had completed his prison term and begun serving his term of supervised release. Subsequently, petitioner's supervised release was revoked and he was sentenced to a term of imprisonment of 30 months, followed by a term of supervised release of 20 years. The revocation of supervised release was affirmed on appeal. *United States v. Phillips*, No. 08-5431 (6th Cir. March 22, 2010) (unpublished decision) [Criminal Action No. 3:04-cr-179, Court File No. 92].

In support of his § 2255 motion, petitioner alleges that, pursuant to a recent decision interpreting the statute under which he was convicted, he did not violate the law and that application of the statute to him constitutes an Ex Post Facto application in violation of the

3

U.S. Constitution. He refers specifically to *United States v. Jackson*, 480 F.3d 1014 (9th Cir. 2007), in which the Ninth Circuit held "that § 2423(c) applies only if *both* the travel and illicit sex act took place after the enactment of the [] Act" on April 30, 2003. *Id*. at 1018 (emphasis in original)

The government filed a motion to dismiss the § 2255 motion as untimely because it was not filed within one year of petitioner's judgment of conviction becoming final; the government also contends that petitioner's claims are procedurally defaulted because they were not raised on direct appeal. In response to the motion to dismiss, petitioner argues that March 29, 2007, the date on which *Jackson* was decided, was the earliest possible date that he could have discovered that grounds for his § 2255 motion existed and therefore the one-year statute of limitation should begin running from that date.

In addition, petitioner contends that he is actually innocent of the offense charged in the indictment and to which he pleaded guilty, and is thus entitled to equitable tolling of the statute of limitation. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (equitable tolling of a statute of limitation is available "in appropriate cases"); *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005) ("equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate").

In order to have a more complete record before the Court, the government was ordered to respond to the petitioner's response to the motion to dismiss and also to respond to the § 2255 motion on the merits. The government has filed its response in compliance with the Court's order and petitioner has filed his reply.

4

III. Discussion

Petitioner was convicted of violating 18 U.S.C. § 2423(c), which provides: "Any United States citizen ... who travels in foreign commerce, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both." As noted, the Ninth Circuit in *Jackson* held that, in order to be convicted under § 2423(c), both the foreign travel and the illicit sexual conduct must have occurred after the Act's enactment on April 30, 2003. "[T]he present tense verb 'travels,' most sensibly read, does not refer to travel that occurred in the past – that is, before the enactment of the statute." 480 F.3d at 1019. For that reason, the Ninth Circuit affirmed the district court's dismissal of the indictment against defendant Jackson. *Id*. at 1024. Petitioner contends that, under the reasoning of *Jackson*, he cannot be guilty of the crime to which he pleaded because his travel was completed prior to the enactment of the statute under which he was indicted.

Petitioner's sentence became final in 2005. He did not file his § 2255 motion until February 19, 2008. There is a one-year statute of limitation for filing a § 2255 motion. 28 U.S.C.A. § 2255(f). As previously noted, petitioner argues that March 29, 2007, the date on which *Jackson* was decided, was the earliest possible date that he could have discovered that grounds for his § 2255 motion existed and therefore the statute of limitation should begin running from that date. In addition, petitioner contends that he is actually innocent of the offense charged in the indictment and to which he pleaded guilty, and is thus entitled to equitable tolling of the statute of limitation.

5

Irrespective of whether petitioner's § 2255 motion is time-barred or procedurally defaulted, petitioner is not entitled to relief under § 2255. The government contends that the decision by the Ninth Circuit in *Jackson* was wrongly decided. In any event, this Court is not bound by a decision of the Ninth Circuit; this Court is bound by precedent established by the United State Supreme Court and the U.S. Court of Appeals for the Sixth Circuit. The Court is not aware of any other courts, district or circuit, having reached the same conclusion as the Ninth Circuit, and certainly the Sixth Circuit has not done so.

It is well-established that "[s]tatutes are not to be so literally construed as to defeat the purpose of the legislature." *United States, for the Use of Hill v. American Surety Co.*, 200 U.S. 197, 203 (1906); *see also Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 608 (1979) ("As in all cases of statutory construction, our task is to interpret the words of these statutes in light of the purposes Congress sought to serve.").

Congress's purpose in enacting 18 U.S.C. § 2423(c) was to criminalize illicit sexual conduct, not foreign travel:

> This section addresses a number of problems related to persons who travel to foreign countries and engage in illicit sexual relations with minors. Current law requires the government to prove that the defendant traveled with the intent to engage in the illegal activity. Under this section, the government would only have to prove that the defendant engaged in illicit sexual conduct with a minor while in a foreign country.

*See* H.R. Conf. Rep. 108-66, 108th Cong. 1st Sess. (2003), *reprinted in* 2003 U.S.C.C.A.N. 683, 686, 2003 WL 1862082 at *44. A different subsection of the statute criminalizes

foreign travel when it is done "for the purpose of engaging in any illicit sexual conduct with another person." 18 U.S.C. § 2423(b).

> Section 2421 [of 18 U.S.C.] is the original Mann Act, as amended in minor respects. Section 2423(a), intended to protect minors from sexual predation, mirrors the Mann Act but imposes more severe penalties. Section 2423(b), the provision under which the defendant was prosecuted, was added to expand the protection of minors still further; it punishes travel in interstate commerce even if no minor is transported, if the purpose of the travel is sex with a minor. (Prosecutors frequently use this section to prosecute persons who cross state lines to rendezvous with minors whom they meet in online chat rooms.) Section 2423(c) was added to punish persons who travel in foreign commerce and have sex with a minor in the course of the trip regardless of what the defendant intended when he set out on it.

*United States v. McGuire*, 627 F.3d 622, 624 (7th Cir. 2010) (internal citations omitted).

In this case, petitioner violated § 2423(c) when he engaged in illicit sexual conduct in 2004, not when he traveled to Thailand. For that reason, the date of the illicit sexual conduct, not the date of travel, is relevant to his violation of § 2423(c). The fact that the statute refers to travel in foreign commerce is a "jurisdictional requirement" that identifies the fact that illicit sexual conduct by a United States citizen in a foreign county is "an appropriate subject for federal concern." *United States v. Yermian*, 468 U.S. 63, 68 (1984). *See, e.g., United States v. Pendleton*, ___ F.3d ___, 2011 WL 3907120 at **8-9 (3d Cir. Sept. 7, 2011) (18 U.S.C. § 2423(c) was a valid exercise of Congress's power under the Foreign Commerce Clause); *United States v. Clark*, 435 F.3d 1100, 1116 (9th Cir. 2006) ("The combination of Clark's travel in foreign commerce and his conduct of an illicit commercial sex act in Cambodia shortly thereafter puts the statute squarely within Congress's Foreign Commerce Clause authority.").

In support of his § 2255 motion, petitioner also cites to *Carr v. United States*, 130 S. Ct. 2229 (2010), in which the Supreme Court considered a case under the Sex Offender Registration and Notification Act ("SORNA") and held that the SORNA section imposing criminal liability for failure to adhere to registration requirements is not applicable to sex offenders whose interstate travel occurred before the statute's effective date. *Id*. at 2233.

SORNA requires any person convicted of a sex offense to register, and keep such registration current, in any state where the person resides, works, or is a student. 42 U.S.C. § 16913(a). SORNA imposes criminal penalties of up to ten years imprisonment on individuals who are required to register as sex offenders, travel in interstate commerce, and knowingly fail to register or update their registration. 18 U.S.C. § 2250(a). Congress delegated to the Attorney General the decision whether SORNA should apply retroactively to sex offenders who were convicted before the statute's effective date. 42 U.S.C. § 16913(d). The Attorney General determined that SORNA is applicable to "all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3.

The Supreme Court in *Carr* held that criminal liability under § 2250(a) cannot be based on interstate travel that occurred before July 27, 2006, the date of SORNA's enactment. 130 S. Ct. at 2233. In doing so, the Court concluded that the three elements of a § 2250(a) violation must be considered in sequence: a person must first be required to register under SORNA, the person must then travel in interstate commerce, and the person must thereafter fail to register. *Id*. at 2235. Thus, because a person could not have been required to register

8

under SORNA until SORNA became law, any interstate travel that occurred prior to SORNA's effective date did not satisfy the second element of § 2250(a). *Id*. at 2235-36.

The government in *Carr* had argued that the first element of SORNA, the registration requirement, was triggered when an individual was convicted of a sex offense, and thus pre-SORNA interstate travel by a convicted sex offender satisfied the second element. Therefore, according to the government's argument, a convicted sex offender who traveled to another state prior to SORNA's enactment, but who failed to register after SORNA became law, was guilty of the crime. *Id*. at 2235. The Supreme Court rejected that argument, finding that "the statutory sequence begins when a person becomes subject to SORNA's registration requirements." *Id*.

Section 2423(c), on the other hand, does not impose an obligation on an individual prior to the foreign travel. It simply provides that a United States citizen who travels to a foreign country and engages in illicit sexual conduct with another person in that country is guilty of a crime. Although petitioner traveled to Thailand prior to the enactment of § 2423(c), he remained there and engaged in sexual conduct with a minor after the law was passed. Because § 2423(c) does not contain a pre-travel requirement that cannot be met until the law takes effect, *Carr* does not afford petitioner any relief.

IV.  Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court will

9

**CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                         s/ Thomas W. Phillips
                                                       United States District Judge