UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:04-CR-179-TAV-DCP-1 |
| GREGORY ALEC PHILLIPS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Before the Court is defendant's second counseled motion for early termination of supervised release [Doc. 121], which he has supplemented [Docs. 128, 131, 132]. The government has responded in opposition [Doc. 126] and defendant has replied [Doc. 130]. For the reasons set forth below, defendant's second motion for early termination of supervised release [Doc. 121] is **DENIED**.

On May 17, 2005, defendant pleaded guilty before District Judge Thomas W. Phillips to Count One of the indictment charging him with engaging in illicit sexual conduct in foreign places with a minor, in violation of 18 U.S.C. § 2423(c) [Docs. 52, 53]. Judge Phillips sentenced defendant to 37 months' imprisonment, to be followed by supervised release for the remainder of defendant's life [Doc. 66]. On April 3, 2008, Judge Phillips revoked defendant's supervised release, after defendant violated several conditions of his release, and sentenced defendant to a term of 30 months' imprisonment, but lowered defendant's total term of supervised release to 20 years. [Doc. 81].

On August 7, 2020, after serving approximately 10 years of his term of supervised release, defendant filed his first counseled motion for early termination, highlighting his rehabilitative efforts while on supervised release, including his steady employment and compliance with all conditions of supervised release [Doc. 116]. The government opposed, citing defendant's history of committing sexual offenses and his risk of recidivism [Doc. 118]. The Court ultimately determined that "early termination of [defendant's] supervised release is not appropriate at this time given defendant's history of repeated sexual offenses against children, and the likelihood of recidivism associated with such offenses. Rather, the Court finds that continued supervision is necessary to protect the public from further crimes" [Doc. 120, p. 3].

Defendant has now filed a second motion asking the Court to prematurely terminate his supervised release [Doc. 121], and several supplements to that motion [Docs. 128, 131, 132]. As in his first motion, defendant highlights the facts that he has been consistently employed, rising in the ranks at his job at a chicken plant, has had no issues with noncompliance during the past 14 years, has purchased a home, paid the mortgage in its entirety, and established roots in his community, has the full support of family members with whom he has reconnected, and has completed a course of sex offender treatment. He also notes that his father has been diagnosed with end-stage liver cancer and states that being relieved of the burdens associated with supervised release would be helpful to him as he plans his father's eventual funeral and manages his estate. Moreover, defendant notes that he was diagnosed with stage 1 testicular cancer, but that

2

treatment for such has been successful. Defendant argues that the goal of specific deterrence has been achieved, and his conduct over the past 14 years on supervised release demonstrates such. Moreover, defendant states that his probation officer supports termination of his term of supervised release and argues that this support demonstrates that he is no longer a danger to the public.[1]

The government opposes defendant's request for early termination of supervised release, highlighting the nature of defendant's offenses and the high likelihood of recidivism [Doc. 126]. The government explains that defendant was convicted in North Carolina of indecent liberties with a child, and, after his release from imprisonment on that charge, moved to Thailand because his conviction prohibited him from teaching in the United States [*Id*. at 1]. While in Thailand, defendant committed the sexual abuse of a 12-year-old boy which led to the instant federal charges [*Id*. at 2]. After release from imprisonment for this offense, defendant contacted several individuals in Thailand on a message board called "BoyChat," which was a networking website for child sexual predators, as well as Jon Schillaci, a convicted sex offender who was on the FBI's Top Ten Most Wanted List. Defendant's supervised release was revoked on the basis of this conduct [*Id*.].

---

[1] Defendant states that the Court did not contact his probation officer before denying his prior motion for early termination of supervised release and asks that the Court contact his current probation officer. But the Court has accepted as true defendant's representations that he has complied with all conditions of supervised release and has the support of his probation officer in his request for early termination of supervised release. Nonetheless, for the reasons stated below, the Court does not find that a balance of the relevant factors support early termination of supervised release at this time.

3

Case 3:04-cr-00179-TAV-DCP   Document 133   Filed 08/14/24   Page 3 of 5   PageID #: 557

Title 18, § 3583(e)(1) of the United States Code provides as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)–
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e). "Early termination of supervised release is a discretionary decision that is only warranted in cases where ethe defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (internal quotation marks and alterations omitted). Indeed "[i]f 'unblemished' postrelease conduct warranted termination of supervised release, then the exception would swallow the rule, i.e., diligent service of the full period of supervised release imposed at sentencing." *Id.* (internal quotation marks omitted).

After carefully considering the requirements of the statute, the Court finds that the relevant provisions of 18 U.S.C. § 3553(a) do not currently support early termination of defendant's supervised release. The Court again notes defendant's maintenance of a stable residence and compliance with the conditions of his supervision thus far, as well as his commitment to his employment, reconnecting with family, and completing his course

4

of sex offender treatment. However, the Court still finds that early termination of his supervised release is not appropriate at this time given defendant's history of repeated sexual offenses against children, including one incident defendant engaged in after his conviction in this case, and which resulted in revocation of his term of supervised release, as well as the general likelihood of recidivism associated with such offenses. Rather, the Court finds that continued supervision is necessary to protect the public from further crimes. Accordingly, defendant's motion [Doc. 121] is **DENIED**.

    IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE